Gerald J. O'Reilly, Esq. Town Attorney, West Seneca
You have asked whether there is legal authority for the establishment of a town auxiliary police unit to assist the regular police force with crowd control and regulation of motor vehicle traffic and parking.
In your letter, you refer to a recent opinion of this office dealing with the authority for establishment of an auxiliary police unit. In our recent informal opinion (No. 86-51), we cited provisions of the New York State Defense Emergency Act, which establish procedures and provide special powers in the event of an enemy attack (see, also, McKinney's Unconsolidated Laws, § 9101, et seq.). The question addressed in that opinion was whether a town has authority to appoint auxiliary police officers. We found that the Defense Emergency Act only authorizes counties and cities to recruit, equip and train auxiliary police or special deputy sheriffs to perform police and emergency civil defense functions required during and after attack (id., § 9123(22). Thus, towns are not authorized to establish auxiliary police positions but must depend upon the county to establish these positions on their behalf. The local legislative body of a town may confer peace officer status upon members of its auxiliary police, subject to the provisions of sections 2.10(26) and 2.20 of the Criminal Procedure Law, dealing with the powers of peace officers (id., § 9185).
In a previous opinion of this office, we construed the statutory provisions dealing with the powers of auxiliary police officers who are granted peace officer powers (1984 Op Atty Gen [Inf] 114). Under subdivision 26 of section 2.10 of the Criminal Procedure Law, auxiliary police officers who have been designated peace officers exercise peace officer powers during a period of imminent or actual enemy attack and while combatting a natural or man-made disaster (see also, Article 2-B of the Executive Law). Additionally, these officers have the power to direct and control traffic during official drills in preparation for an attack or in preparation for combatting natural or man-made disasters (1984 Op Atty Gen [Inf] 114; Criminal Procedure Law, §2.10[26]). In undertaking this latter role, auxiliary police officers possess only those powers set forth in section 2.20 of the Criminal Procedure Law that are needed to direct and control traffic (ibid.). We stated in our 1984 opinion that the extent to which auxiliary police may be used for traffic control is a factual matter, depending upon the training needs of a particular municipality.
We conclude that under the New York State Defense Emergency Act, a county may establish an auxiliary police unit for a town. A town may grant peace officer status to its auxiliary police officers. These peace officer powers may be exercised in response to an enemy attack and in combatting natural or man-made disasters. Further, auxiliary police officers may direct and control traffic during official drills in preparation for these roles.